# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**WILLIAM OZAH,**
**D.O.C. #D64365,**

    **Plaintiff,**

vs.                                           Case No. 4:20cv241-WS-MAF

**OFFICER A. BENTO, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case on May 4, 2020, by submitting a civil rights complaint, ECF No. 1, and a motion for in forma pauperis status, ECF No. 2. A cursory review has been made of the complaint, ECF No. 1, noting that Plaintiff is incarcerated at Okeechobee Correctional Institution, where both named Defendants are employed. ECF No. 1 at 2-3. The events at issue in this case necessarily occurred there as well. Because all parties are located in Okeechobee County, which is within the Southern District of Florida, the proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(c) is in the United

States District Court for the Southern District of Florida, Fort Pierce Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought." The Court may also raise the issue of defective venue *sua sponte*. Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.")

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the undersigned respectfully **RECOMMENDS** transfer of this action to the United States District Court for the Southern District of Florida, Fort Pierce Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on May 7, 2020.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 4:20cv241-WS-MAF

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 4:20cv241-WS-MAF